**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 99-7583**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ABDAL MALIEK SALAAM, a/k/a Gary McLaughlin,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, District Judge. (CR-94-79, CR-94-80, CA-97-722-1)

Submitted: March 14, 2000      Decided: March 24, 2000

Before MURNAGHAN, MICHAEL, and KING, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Abdal Maliek Salaam, Appellant Pro Se.  John Warren Stone, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Abdal Maliek Salaam seeks to appeal the district court's order adopting the magistrate judge's recommendation and dismissing as untimely Salaam's 28 U.S.C.A. § 2255 (West 1994 & Supp. 1999) motion. We dismiss the appeal for lack of jurisdiction because Salaam's notice of appeal was not timely filed.

In civil cases in which the United States is a party, a notice of appeal must be filed no later than sixty days after entry of the district court's final judgment or order, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on July 16, 1999. Salaam's notice of appeal was filed on November 9, 1999. Because Salaam failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal.[*]

---

[*] Even if Salaam's notice of appeal was timely, he would not be entitled to relief on appeal. The district court's conclusion that Salaam's § 2255 motion could not be considered because it was not filed within the one-year limitations period of the Antiterrorism and Effective Death Penalty Act is clearly correct.

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED
